UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Colby A Rogers and Stacey R Rogers,

    Plaintiffs,

v.

Merrick Garland, *United States Attorney General*; Alejandro Mayorkas, *Department of Homeland Security Secretary*; Ur Jaddou, *United States Citizenship and Immigration Services*; Daniel M. Renaud, *United States Citizenship and Immigration Services Director of Vermont Service Center*; David L. Neal, *Executive Office of Immigration Review Director*; and David H. Wetmore, *Board of Immigration Appeals Chairman*,

    Defendants.

Civ. No. 22-1698 (JWB/LIB)

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

---

Colby A Rogers and Stacey R Rogers, Pro Se.

Sean Lynden King, Esq., and Jason Kyle Zubata, Esq., United States Department of Justice, and Ana H. Voss, Esq., United States Attorney's Office, counsel for Defendants.

---

    This matter is before the Court on Defendants' motion to dismiss. (Doc. No. 29.) Plaintiffs sued various immigration officials after the Board of Immigration Appeals ("BIA") denied Mr. Rogers' I-130 petition, which is the first hurdle to clear for his wife's legal permanent resident status. In addition to general due process violations, Plaintiffs allege that Defendants applied the incorrect standard when reviewing Mr. Rogers' conviction as a "specified offense against a minor." For the reasons stated below,

Defendants' motion to dismiss is granted and this action is dismissed with prejudice on the merits.

## BACKGROUND

### I. Factual Background

On the evening of August 30, 2010, a fourteen-year-old girl ("FAL") and her friend were running away from home when they met an adult friend who later took them to his apartment. (Doc. No. 17, Second Am. Compl. ¶ 20.) Plaintiff Colby Alan Rogers was already at the apartment when the three arrived. (*Id*.) The adult friend provided alcohol to FAL and her friend. (*Id*.) That evening, Rogers had sex with FAL. (*Id*.) At the time, Rogers was 18 years and nine months old while FAL was 14 years and five months old. (Doc. No. 32-1 at 2–3.)

FAL's mother later found an entry in FAL's diary describing the incident and reported it to the police. (*Id*. at 3.) Following an investigation that included several witnesses, the Monroe County Attorney's Office ("County Attorney") filed a criminal complaint in September 2010 for (1) sexual assault of a child under 16 years of age, (2) child enticement, and (3) two counts of exposing the genital or pubic area. (*Id*. at 1–2.) During the investigation, the County Attorney also learned that Mr. Rogers already was required to register as a sex offender following a 2006 felony conviction in the Texas for "indecency with a child 2nd degree." (*Id*. at 8.)

Although Mr. Rogers initially signed a diversion agreement with the County Attorney, the diversion agreement was revoked in May 2011 due to Mr. Rogers' failure to meet the requirements. (Doc. No. 32 at 5). Mr. Rogers then pled no contest to two counts

2

of violating Wis. Stat. § 948.10(1)(b)[1] and a sex offender registry violation in a separate criminal complaint in July 2012. (*Id.*) As part of his sentence, Mr. Rogers was required to register as a sex offender.

In December 2017, Mrs. Rogers, originally from Australia, began communicating with Mr. Rogers while he was incarcerated on unrelated convictions. (*Id.* at 7.) Plaintiffs married in June 2018 before beginning the process to adjust Mrs. Rogers' immigration status. (*Id.* at 5.)

## II.   Statutory Background

Under the Immigration and Nationality Act ("INA"), a United States citizen can sponsor their non-citizen spouse to become a lawful permanent resident of the United States. 8 U.S.C. § 1151(a)–(b). This process begins with the U.S. citizen filing an I-130 Petition for Alien Relative. *Id.* § 1154(a)(1)(A)(i). The non-citizen spouse is the beneficiary of an I-130 petition. *See* 8 C.F.R. § 204.2(a)(1). If the petitioner is eligible to petition for this status, United States Citizen and Immigration Services ("USCIS") registers the relationship. 8 U.S.C. § 1154(a)(1)(A)(i). After the I-130 petition is

---

[1]   Wis. Stat. § 948.10 states:

(1) Whoever, for purposes of sexual arousal or sexual gratification, causes a child to expose genitals, pubic area, or intimate parts or exposes genitals, pubic area, or intimate parts to a child is guilty of the following: . . .

    (b) A Class A misdemeanor if any of the following applies:
        1. The actor is a child when the violation occurs.
        2. At the time of the violation, the actor had not attained the age of 19 years and was not more than 4 years older than the child.

approved, the non-citizen spouse files an I-485 Application to Adjust Status. 8 C.F.R. § 245.2(a)(2)(i)(B). USCIS then determines whether the non-citizen is eligible for legal permanent resident status. *See id.* § 245.1(a). If the non-citizen is eligible and currently in the United States, and a visa is available, then USCIS "may" adjust their status and grant them a Green Card. 8 U.S.C. § 1255(a). While a beneficiary may file the I-485 application before their spouse's I-130 is approved, the beneficiary's status cannot change without the approved I-130. *See id.*

Congress enacted the Adam Walsh Act ("AWA") to "to protect the public from sex offenders and offenders against children." 34 U.S.C. § 20901. Two subparts of the AWA that can serve as separate bases for disqualifying a citizen from sponsoring their spouse's citizenship application are:

> (H) Criminal sexual conduct involving a minor, or the use of the Internet to facilitate or attempt such conduct.
>
> (I) Any conduct that by its nature is a sex offense against a minor.

*Id.* § 20911(7)(H)–(I).

### III. Procedural Background

In 2018, Plaintiffs began the process to obtain legal permanent resident status for Mrs. Rogers. Mr. Rogers filed an I-130 visa petition with USCIS to register his marriage with the agency. (Doc. No. 17 at ¶ 36.) Mrs. Rogers concurrently filed an I-485 application to change her immigration status. (*Id.* at ¶ 37.)

In January 2020, USCIS issued a Request for Evidence and Notice of Intent to Deny to Mr. Rogers. (Doc. No. 32-5 at 2.) USCIS determined that Mr. Rogers may be

4

ineligible to sponsor his spouse based on his 2010 Wisconsin conviction as a "specified offense against a minor" under 34 U.S.C. § 20911(7)(H) and (I). (*Id.* at 2–3.) USCIS requested evidence from Mr. Rogers demonstrating the conviction was not a "specified offense against a minor" and that he poses no risk to the safety and well-being of Mrs. Rogers. (*Id.* at 3–5.) Mr. Rogers responded with additional documents. (Doc. No. 17 ¶ 39.)

USCIS denied Mr. Rogers' I-130 petition in February 2021. (Doc. No. 32.) USCIS found his 2010 conviction was a "specified offense against a minor" under 23 U.S.C. § 20911(7)(H) and/or (I). (*Id.* at 4.) USCIS also concluded Mr. Rogers failed to prove beyond a reasonable doubt that he posed no risk to Mrs. Rogers, disqualifying him from sponsoring her immigration. (*Id.* at 7.) USCIS also denied Mrs. Rogers's I-485 application. (Doc. No. 17 ¶ 40.)

In March 2021, Mr. Rogers timely appealed USCIS's decision to the BIA. (Doc. No. 17 at 41.) In June 2022, the BIA reviewed USCIS's determination de novo and held that Mr. Rogers' conviction was a "specified offense against a minor." (Doc. No. 38 at 10–12.) Plaintiffs subsequently filed this action on June 30, 2022. (Doc. No. 1.) Defendants move to dismiss the action in its entirety.

## DISCUSSION

### I.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads

5

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "On a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account." *See Deerbrook Pavilion, L.L.C. v. Shalala*, 235 F.3d 1100, 1102 (8th Cir. 2000). Complaints by pro se litigants are construed liberally, meaning "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

**II.**   **Analysis**

    **A.**   **This Court lacks subject-matter jurisdiction to review USCIS's denial of Mrs. Rogers' I-485 application**

Count VIII of Plaintiffs' Second Amended Complaint alleges that USCIS erroneously denied Mrs. Rogers' I-485 based on USCIS's erroneous denial of Mr. Rogers' I-130 petition. (Doc. No. 17 at 29.) Defendants contend this Court lacks subject matter jurisdiction over Count VIII. (Doc. No. 31 at 31.) Although the APA grants federal courts jurisdiction to review agency action, it also precludes judicial review of "any judgment regarding the granting of relief under section . . . 1255 of [Title 8]." 8 U.S.C. § 1252(a)(2)(B)(i). Section 1255, in turn, provides the Attorney General the ability "in his discretion" to adjust the status of a person to "lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). Contrary to Plaintiffs' assertion, the

preclusion applies "regardless of whether the judgment, decision, or action is made in removal proceedings." *Id.* Exceptions to this general preclusion do, however, allow judicial review of "constitutional claims or questions of law." *Id*. § 1252(a)(2)(D). But even if the exceptions to judicial review applied, the proper forum for review would have been the Eighth Circuit Court of Appeals. *Id.* (allowing court of appeals to review constitutional claims and questions of law). Accordingly, Count VIII of Plaintiffs' Second Amended Complaint is dismissed.

    **B.**    **The Court need not address Mrs. Rogers' standing on the remaining claims when Mr. Rogers' standing is undisputed.**

Defendants argue that Mrs. Rogers lacks standing on the remaining claims. As there is no dispute that Mr. Rogers has Article III standing to bring the remaining claims, the Court need not analyze whether Mrs. Rogers has Article III standing to challenge the denial of Mr. Rogers' I-130 at this stage. *See Brandt by & through Brandt v. Rutledge*, 47 F.4th 661, 669 n.3 (8th Cir. 2022) ("Constitutional standing requires that at least one plaintiff demonstrate they have a concrete and particularized injury that is fairly traceable to the challenged action and is likely to be redressed by the court ruling in the plaintiff's favor.").

    **C.**    **The BIA erred by applying the categorical approach in determining that Mr. Rogers' 2010 conviction is a "specified crime against a minor," but that error was not prejudicial**

The heart of Plaintiffs' Second Amended Complaint is their claim that the BIA erred as a matter of law by applying the categorical approach and not the circumstance-specific approach to determine whether Mr. Rogers' 2010 Wisconsin conviction was a

"specified offense against a minor" under 34 U.S.C. 20911(7)(I). (Doc. No. 17 at 10–12.) The review here is limited to the BIA's analysis because it is the final agency action for the purposes of judicial review. Contrary to Plaintiffs' understanding, USCIS's decision lost its finality when Mr. Rogers appealed USCIS's decision to the BIA and the BIA reviewed it de novo. *See Bangura v. Hansen*, 434 F.3d 487, 501 (6th Cir. 2006).

Defendants argue that the BIA is free to "employ either the categorical or a circumstance-specific inquiry into both the age of the victim and the conduct underlying the offense." (Doc. No. 31 at 3.) Because Counts I–IV rely on legal theories and facts that are insufficient to show prejudice, those counts are dismissed.

### 1. The BIA erred by not applying the circumstance-specific approach

On one hand, the categorical approach "look[s] simply at the statute underlying [a] conviction to determine whether its elements show categorically that it is a sex offense against a minor," and does not "look at the facts underlying [the] conviction." *United States v. Hill*, 820 F.3d 1003, 1005 (8th Cir. 2016). On the other hand, the circumstance-specific approach focuses "on the specific way in which an offender committed the crime on a specific occasion," and "look[s] to the facts and circumstances underlying an offender's conviction." *Nijhawan v. Holder*, 557 U.S. 29, 34 (2009).

When determining whether a conviction is a specified offense against a minor under 34 U.S.C. 20911(7)(I), the BIA and the Eighth Circuit apply the circumstance-specific approach to the underlying conduct and the victim's age. *Matter of Introcaso*, 26 I. & N. Dec. 304, 309 (BIA 2014); *Hill*, 820 F.3d at 1005.

The text of the statute requires a circumstance-specific approach. *Introcaso*, 26 I. & N. Dec. at 309; *Hill*, 820 F.3d at 1006. Thus, the BIA erred as a matter of law by applying the categorical approach to determining whether Mr. Rogers' 2010 Wisconsin conviction is a "specified crime against a minor."

### 2. Plaintiffs have not shown prejudicial error

The APA requires courts to take account of whether the agency's mistake resulted in "prejudicial error" when reviewing agency decisions. 5 U.S.C. § 706. An agency error is harmless if the reviewing court has "not the slightest uncertainty as to the outcome of the proceeding" upon remand. *Aguilar v. Garland*, 60 F.4th 401, 407 (8th Cir. 2023) (quoting *Prohibition Juice Co. v. U.S. Food & Drug Admin.*, 45 F.4th 8, 24 (D.C. Cir. 2022)). "The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 129 (2009).

The only circumstances Plaintiffs contend show harmful error are insufficient as a matter of law.

#### a. The "Romeo and Juliet" exception does not apply here

First, Plaintiffs allege the BIA erred by failing to apply the "Romeo and Juliet" exception in 34 U.S.C. § 20911(5)(C) to Mr. Rogers' conviction. (Doc. No. 17 ¶ 65.) Plaintiffs assert that Mr. Rogers was no "more than 4 years older than the victim" because he was not five years older than her. Plaintiffs' argument that the statute requires measuring age only by whole years is unavailing.

The exception states that "an offense involving consensual sexual conduct is not a sex offense . . . if the victim was at least 13 years old and the offender was not more than

9

4 years older than the victim." 34 U.S.C. § 20911(5)(C).

According to Plaintiffs, this exception should only apply to offenders who are a full 5 years older than the victim—an interpretation under which someone who is four years and a day older than the victim has not committed a sex offense. However, the plain and unambiguous language of "more than" reflects Congressional understanding that years can be broken down into smaller units of time if necessary. Additionally, the whole-years interpretation leads to absurd and undesirable results. *See United States v. Brown*, 740 F.3d 145, 149–50 (3d Cir. 2014); *United States v. Black*, 773 F.3d 1113, 1116 (10th Cir. 2014).

The administrative record is clear that Mr. Rogers was four years and three months older than the victim at the time of the offense. (*See* Doc. 32-1 (state criminal complaint providing birth date for Mr. Rogers and FAL).) As a matter of law, four years and three months is "more than four years." For this reason, the circumstances related to the victim's age are insufficient as a matter of law to show prejudice.

        **b.**        **34 U.S.C. § 20911(7) does not contain a predatory intent requirement**

Second, Plaintiffs allege the BIA erred as a matter of law by deciding Mr. Rogers' conviction is a "specified offense against a minor" because the statute requires the offender to be a sex predator or to act with predatory intent. (Doc. No. 17 ¶ 88.) Plaintiffs argue that the BIA should have considered whether Mr. Rogers' actions showed predatory intent—namely that Mr. Rogers allegedly only had sex with FAL once (not three times as stated in the criminal complaint), that FAL "consented" to sex, and that FAL initiated.

10

The plain language of the statute unambiguously contains no such requirement. *See* 34 U.S.C. § 20911(7)(A)–(I). Plaintiffs point to the statute's title as the basis for the predatory intent requirement, but it has no such effect. Statutory titles "are of use only when they shed light on some ambiguous word or phrase." *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 529 (1947). Because no such ambiguity exists here, the statute's title is inconsequential. And even if the title mattered, the title suggests a broadly applicable definition: "*Expansion* of definition of 'specified offense against a minor' to include *all* offenses by child predators." 34 U.S.C. § 20911(7) (emphases added). For this reason, the circumstances Plaintiffs claim disprove predatory intent are insufficient as a matter of law to show prejudice.

D.   **Plaintiffs fail to state due process claims**

Construed liberally, Counts V, VI, and VII of Plaintiffs' Amended Complaint are various constitutional challenges to the BIA's adjudicative process. These counts fail to state a claim. To the extent Plaintiffs generally claim they were due more process than the BIA or USCIS provided them, the I-130 petition process has been found to generally comply with due process requirements. *Bremer v. Johnson*, 834 F.3d 925, 933 (8th Cir. 2016). The BIA's alleged substantive errors have already been addressed in the analysis of Counts I and II. *See supra* Section II.C. The remaining allegations are conclusory and lack adequate factual support. For example, Plaintiffs provided no factual support for their allegation that the BIA did not consider the evidence or arguments they submitted. And even so, this allegation is belied by the agencies' decisions. (*See* Doc. No. 38 at 4, 11.) Without factual support, the claims are merely speculative and not plausible.

11

Therefore, Plaintiffs have not stated a claim showing they are entitled to relief. Fed. R. Civ. P. 8(a)(2). For this reason, Counts V, VI, and VIII are dismissed.

### E.   Plaintiffs' sanctions motion is denied

Plaintiffs have also filed a motion seeking sanctions against defense counsel for allegedly misrepresenting the law and advancing frivolous arguments. (Doc. No. 49). Plaintiffs' motion is without merit and denied.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Doc. No. 29) is **GRANTED**;

2. Plaintiffs' Second Amended Complaint (Doc. No. 17) is **DISMISSED WITH PREJUDICE** on the merits, with each party bearing their owns fees and costs;

3. Plaintiffs' Letter Requesting Oral Argument and Permission to File a Motion for Summary Judgment (Doc. No. 41) is **DENIED AS MOOT**;

4. Plaintiffs' Motion for Summary Judgment (Doc. No. 42) is **STRICKEN**; and

5. Plaintiffs' Motion for Sanctions (Doc. No. 49) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 18, 2023               *s/ Jerry W. Blackwell*
                                        JERRY W. BLACKWELL
                                        United States District Judge